UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 19-CR-02

vs.

ALEXANDER P. BEBRIS,

        Defendant.

---

## RULE 17 MOTION FOR SUBPOENAS

---

Defendant Alexander P. Bebris, by his attorneys Gimbel, Reilly, Guerin & Brown LLP, respectfully moves the court, the Honorable William C. Griesbach, Chief Judge presiding, and the Honorable David E. Jones, United States Magistrate Judge, pursuant to Federal Rule of Criminal Procedure 17 for an order issuing subpoenas to the following individuals:

1. An employee of Facebook that has knowledge and experience with Facebook's use of PhotoDNA as well as Facebook's policies and procedures regarding the systemic search of users' profiles;

2. An employee of Microsoft that has knowledge and experience with both the development and use of PhotoDNA;

3. An employee of the National Center for Missing & Exploited Children ("NCMEC") that has knowledge and experience with receiving and processing CyberTips as well as NCMEC's policies and procedures regarding such; and

4. The recipient of the intercepted private Facebook messages to testify regarding her observations.

AS GROUNDS, Bebris states:

1. Bebris has a constitutional right to be free from unreasonable searches and seizures by the government and its agents. U.S. CONST. AMEND. IV; *Katz v. U.S.*, 389 U.S. 347, 88 S.Ct. 507 (1967); *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 109 S.Ct. 1402 (1989). Bebris also has a constitutional right to due process. U.S. CONST. AMEND. V, XIV.

2. As outlined in Bebris's brief accompanying his motion to suppress physical evidence and statements, Facebook, PhotoDNA, and NCMEC each act as a government agent when they perform searches of user data.

3. In order to determine whether the searches performed in this case were unreasonable under the Fourth Amendment, it is necessary for the parties to elicit testimony from those agencies involved in the search – Facebook, PhotoDNA, and NCMEC. "This case requires more data, simple but detailed explanations, and analysis to provide a clearer picture of how and why the CyberTip was initiated and the [Child Sexual Abuse Material] was identified, in order to assist the triers of fact moving forward in this matter." Meyer Aff. at ¶2, Ex. A.

4. Further, in order to uphold Bebris's right to due process, an evidentiary hearing is required in which all available evidence is presented. See *U.S. v. Meyer*, 157 F.3d 1067, 1076 (7th Cir. 1998) ("A fundamental requirement of the due process clause is that an individual receive notice and the opportunity for a hearing before he is deprived of a significant property interest.") (citing *Cleveland Bd. Of Educ. V. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487 (1985)).

Bebris respectfully requests this Court issue the requested subpoenas.

Dated this 22nd day of August, 2019.

                Respectfully submitted,

                GIMBEL, REILLY, GUERIN & BROWN LLP

                By:
                   /s/ Jason D. Luczak
                   JASON D. LUCZAK
                   State Bar No. 1070883
                   Email: jluczak@grgblaw.com
                   BRIANNA J. MEYER
                   State Bar No. 1098293
                   Email: bmeyer@grgblaw.com
                Attorneys for Defendant

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
*crim/bebris,alexander/rule 17 mot 2019-08-22*