UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                Case No. 19-CR-02

ALEXANDER P. BEBRIS,

    Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

---

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney for said district, hereby respectfully responds to the defendant's motion to suppress evidence and statements and request for an evidentiary hearing.

The Defendant's motion should be denied; the Court need not invoke the exclusionary rule because Defendant had no reasonable expectation of privacy in his online Facebook instant messages. Further, even if Defendant did have a reasonable expectation of privacy, law enforcement did not exceed the scope of the electronic service provider's private search. Finally, even if the Court were to find that a Fourth Amendment violation occurred, the Court should apply the good faith and/or the inevitable discovery doctrines and deny Defendant's motions.

The Defendant relies primarily on a 10th Circuit Court of Appeals decision in *United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016) in support of his motion to suppress. The government views the facts in Mr. Bebris' case as more in line with those in *United States v.*

*Reddick*, 900 F.3d 636 (5th Cir. 2018), wherein the Fifth Circuit Court of Appeals relied on the "private search doctrine" to determine that no Fourth Amendment violations occurred. The government concedes that there is disagreement between at least two circuit courts of appeals with regard to the issues presented in the Defendant's motion and agrees with the Defendant's assessment that the Seventh Circuit Court of Appeals "has not yet decided whether certain technologies and corporations (namely, NCMEC, PhotoDNA, and Facebook) can act as a government agent." (Defendant's Motion, Pg. 9). Therefore, the government agrees that an evidentiary hearing is necessary to develop a proper record from which both parties can fully brief the issues presented for this Court, and, if necessary, the Seventh Circuit.

Counsel for the government has spoken with counsel for the Defendant, Attorney Jason D. Luczak, and the parties are jointly requesting a status or scheduling hearing be set before the Court. Both parties anticipate that this hearing will involve the appearance of numerous out-of-state witnesses and may require several blocks of time on the Court's calendar to complete. Further, a jury trial in this matter is scheduled for October 7, 2019, and both parties believe it is highly unlikely the Court will have the opportunity to issue a ruling prior to that date.

Dated at Green Bay, Wisconsin, this 30th day of August, 2019.

                                                  MATTHEW D. KRUEGER
                                                United States Attorney

By:

                                                s/ Daniel R. Humble
                                                DANIEL R. HUMBLE
                                                Assistant United States Attorney
                                                205 Doty Street, Suite 301
                                                Green Bay, WI 54301