UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 19-CR-02

vs.

ALEXANDER P. BEBRIS,

                Defendant.

**DEFENDANT'S REPLY BRIEF REGARDING HIS MOTION TO SUPPRESS**

      Alexander P. Bebris, by and through his attorneys Gimbel, Reilly, Guerin & Brown LLP, submits the following reply brief in support of his motion to suppress evidence and statements, pursuant to the Fourth, Fifth and Sixth Amendments of the United States Constitution, *Katz v. U.S.*, 389 U.S. 347, 88 S.Ct. 507 (1967), and *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 109 S.Ct. 1402 (1989).

**ARGUMENT**

      The government contends that Bebris "had no reasonable expectation of privacy in his online Facebook instant messages." (Gov. Resp. Br. at 1). The government also contends that, if Bebris did have a reasonable expectation of privacy, "law enforcement did not exceed the scope of the electronic service provider's private search." (*Id.*) Finally, the government claims that "even if the Court were to find that a Fourth Amendment violation occurred, the Court should apply the good faith and/or inevitable discovery

1

motion and deny Defendant's motions." (*Id.*) The government fails to cite applicable case law or statute to support its claim.

The sole case the government relies on is *U.S. v. Reddick*, 900 F.3d 636 (5th Cir. 2018), which the government merely argues is "more in line" with the facts of Bebris's case. (*Id.*) Bebris disagrees. As outlined in Bebris's brief supporting his motion to dismiss, this Court should follow the law laid forth by then-Judge, now-Justice, Gorsuch's opinion in *U.S. v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016) and hold that NCMEC is a governmental agency, and that PhotoDNA and Facebook acted as an agent of the government. See also *United States v. Koenig*, 568 F.2d 843, 847 (7th Cir. 1988) (whether a party acts as a government agent is a case-by-case analysis made in light of the surrounding circumstances); *Skinner*, 489 U.S. at 615-16, 109 S.Ct. 1402 (the Court looked to the government's "encouragement, endorsement, and participation" to determine whether a private party acted as a government agent); *United States v. McAllister*, 18 F.2d 1412, 1417 (delineating the Seventh Circuit's two-part test to determine whether a private party acts as a government agent).

Further, Bebris reasserts the following arguments made in his original brief:

(1) that this Court should find Bebris had a reasonable expectation of privacy in the alleged Facebook private message; and

(2) that, in the alternative, this Court should find that law enforcement expanded the scope of the initial private search.

2

Finally, the defense believes the evidence adduced at the scheduled evidentiary hearing will show that neither the good faith exception nor the inevitable discovery doctrine apply to this case.

For the above-stated reasons as well as the reasons laid forth in Bebris's original brief, and any future arguments of counsel, this Court should grant Bebris's motion to suppress evidence and statements that were fruit of the illegal searches.

Dated this <u>13th</u> day of September, 2019.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By:
<u>/s/Brianna J. Meyer</u>
JASON D. LUCZAK
State Bar No. 1070883
Email: jluczak@grgblaw.com
BRIANNA J. MEYER
State Bar No. 1098293
Email: bmeyer@grgblaw.com
Attorneys for Defendant

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
*crim/bebris,alexander/reply br suppress mot 2019-09-12*