UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALEXANDER P. BEBRIS,

        Defendant.

Case No. 19-CR-02

**AFFIDAVIT OF BRIANNA J. MEYER**

STATE OF WISCONSIN  )
                           ) SS.
MILWAUKEE COUNTY  )

Brianna J. Meyer, being first duly sworn, on oath deposes and says:

1. I am an attorney licensed to practice law in the Eastern District of Wisconsin and I am one of the attorneys representing defendant Alexander P. Bebris in the captioned matter.

2. On December 30, 2018, the government filed a criminal complaint against Bebris.

3. On January 2, 2019, a detention hearing was held and Magistrate Judge James R. Sickel ordered Bebris be detained until trial. At the hearing, Pretrial Services recommended Bebris be released on a personal recognizance bond. Attached hereto as Exhibit A is a true and correct copy of the Pretrial Services Report filed in this case.

1

4. On January 15, 2019, a grand jury indicted Bebris on one count distribution of child pornography and one count possession of child pornography and later this Court scheduled Bebris to stand trial on March 25, 2019.

5. On March 8, 2019, Bebris's original counsel moved this Court adjourn the trial as Bebris wished to retain new counsel. On April 4, 2019, Gimbel, Reilly, Guerin & Brown, LLP, substituted as counsel for Bebris. This Court subsequently rescheduled the trial for August 12, 2019.

6. Based on the motions filed by counsel, this Court vacated the new trial date. As of the filing of this motion and affidavit, this Court has not set a new trial date.

7. A court may re-open the detention hearing at any point prior to trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f)(2)(B).

8. Federal statute mandates various factors for courts to consider at detention hearings. These factors include "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim . . .," "the weight of the evidence against the person," and "the history and characteristics of the person." 18 U.S.C. §3142(g). This includes:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

2

*Id.*

9. When a charged offense involves alleged minor victims, a rebuttable presumption favoring detention arises. 18 U.S.C. §3142(e)(3). To rebut the presumption, a defendant must only produce some evidence to show he is neither a flight risk nor a danger to the community. *U.S. v. Rodriguez-Adorno*, 606 F. Supp. 2d 232 (D.P.R. 2009); *U.S. v. Marcrum*, 953 F.Supp.2d 877 (W.D. Tenn. 2013), order aff'd, (6th Cir. 12-6008) (Nov. 1, 2013); *U.S. v. Abad*, 350 F.3d 793, 62 Fed. R. Evid. Serv. 1533 (8th Cir. 2003). Importantly, "[a] defendant cannot be detained as dangerous under §3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions '*will* reasonably assure . . . the safety of the community . . .'" *U.S. v. Dominguez*, 783 F.2d 702, 706 (1986) (emphasis added by court). The finding of whether any release conditions will do so "cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." *Id.*

Furthermore,

[t]he government . . . cannot rely on the presumption alone to support a request for pretrial detention; it must introduce intrinsic incriminatory evidence, apart from the allegations contained in the indictment, in accordance with the factors which a judicial officer must consider in determining whether to detain a defendant.

FEDPROC § 22:1893 (citing *U.S. v. Jackson*, 845 F.2d 1262 (5th Cir. 1988), *U.S. v. English*, 629 F.3d 11 (2d Cir. 2011), and 18 U.S.C. §3142(g))

10. Here, new information exists which allows this Court to reopen Bebris's detention hearing, the underlying factors a court should consider at a detention hearing

3

establish Bebris should be released pending trial, and Bebris is able to meet the burden of production to overcome the presumption of detention.

11. First, new information exists in this case that warrants this Court to reopen Bebris's detention hearing. As the Court is aware, this matter is much more complex than it seemed at first blush. The parties are in the midst of extensive litigation, and, as of the filing of this brief, the set trial date was vacated and no new trial date has been set. Originally, Bebris's trial was schedule for approximately four months after he was detained. However, due in part to the upcoming motion hearing challenging the allegedly incriminating evidence, Bebris has currently served over nine months of pretrial detention. Given the state of the litigation and motion practice, it is unlikely trial will be scheduled for anytime in the near future.

12. Further, the statutory factors courts must consider when making a ruling on pretrial detention tend to show that Bebris should not be detained prior to trial.

*The nature and circumstances of the offense charged*: While the government has charged Bebris with offenses involving alleged minor victims, Bebris is not charged with any violent crime.

*The weight of the evidence against the person*: As this Court is aware, the alleged evidence against Bebris is currently subject to extensive litigation and there is currently a motion hearing scheduled for December 3, 2019.

*The person's character*: Aside from the captioned matter, Bebris has neither been arrested nor faced criminal charges. In fact, Bebris has almost thirty years of experience

4

in law enforcement, beginning while he was in school at Marquette University until 2017, when he acted as the director of public safety for a suburb of Dayton, Ohio.

*The person's physical and mental condition*: Bebris is both physically and mentally capable.

*The person's family ties*: Bebris has a wife and two adult children. As described below, many of Bebris's in-laws live in the Milwaukee area.

*The person's employment*: Bebris has been incarcerated for the past nine months, and thus unable to continue with his prior employment. However, upon release, Bebris has skills and work history that make him an employable individual. Bebris has management experience and, at one point, owned his own company. Additionally, Bebris has already conducted research into potential jobs in the Green Bay area, should this Court order his release. He is cognizant of potential limitations posed by the criminal charges against him and has community contacts willing to help him obtain employment.

*The person's financial resources*: Although Bebris has been detained for approximately nine months, as described above, upon release he has the ability to become employed and to provide for himself. Just as Bebris has conducted research into potential employment, Bebris has also looked into potential living situations in the Green Bay area should he be released pending trial.

*The person's length of residence in the community*: Bebris has resided in Wisconsin for twenty-three years.

*The person's community ties*: Bebris is tied to the community through both friends and family. Bebris has many good friends and in-laws that live in the Milwaukee area.

*The person's past conduct*: Bebris has no history of undesirable behavior patterns.

*The person's history relating to drug or alcohol abuse*: Bebris has no history relating to drug or alcohol abuse.

*The person's criminal history*: Bebris has no criminal history.

*The person's record concerning appearance at court proceedings*: Bebris is currently in custody and therefore has attended each and every court appearance for which he was produced.

13. Finally, Bebris can meet the burden of production to rebut the statutory presumption of detention. The government has confiscated Bebris's passport, and thus Bebris is not a flight risk. Additionally, the government has not alleged that Bebris committed any violent crimes, but rather internet crimes, and therefore he is not a danger to the community. Should this Court still have concerns, there are reasonable conditions of release (*e.g.*, no unsupervised use of a computer) it may impose upon Bebris.

15. For the above-stated reasons, Bebris respectfully requests this Court reopen the detention hearing and order modification of bail requiring for Bebris's release pending trial under a signature bond.

6

Dated this 19th day of September, 2019.

                                                    _____
                                                    BRIANNA J. MEYER

Subscribed and sworn to before me
this 19th day of September, 2019.

_____
Notary Public, State of Wisconsin
My commission: is permanent.

crim/Bebris.Alexauder/p/bjm aff 2019-09-06

[Notary Public Seal: JASON D. LUCZAK, STATE OF WISCONSIN]

7

In accordance with Local Rule 57.1, Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be reproduced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. § 3153(c)(1).

## PRETRIAL SERVICES REPORT

| District/Office<br>Eastern District of Wisconsin/Green Bay | Charge(s) (Title, Section, and Description)<br>**Count 1:** Title 18 U.S.C. § 2252A(a)(5)(B) - Possession of Child Pornography<br>**Count 2:** Title 18 U.S.C. § 2252A(a)(2)(A) - Distribution of Child Pornography |
|---|---|
| Judicial Officer<br>Honorable James R. Sickel<br>U.S. Magistrate Judge | |
| Docket Number (Year – Sequence No. – Def. No.)<br>0757 1:18-00767M-001 | |

### DEFENDANT

| Name<br>Bebris, Alexander Paul | Employer/School<br>Primus Security (Self-employed) |
|---|---|
| Other Names on Charging Document | |
| Address<br>1732 Dublin Trial #37<br>Neenah, WI 54956 | Employer/School Address<br>1732 Dublin Trial #37<br>Neenah, WI 54956 |

| At Address Since<br>02/01/2018 | Time in Community of Residence | Monthly Income<br>$2,200.00 | Time with Employer/School<br>14 months |
|---|---|---|---|

## INTRODUCTION:

The defendant appeared on December 26, 2018 before Magistrate Judge James. R. Sickel for an initial appearance and arraignment. He was ordered detained and a detention hearing was scheduled for January 2, 2019. The defendant was interviewed on December 26, 2018 in the U.S Marshal's lockup in Green Bay.

## DEFENDANT HISTORY / RESIDENCE / FAMILY TIES:

Alexander Paul Bebris was born on January 15, 1969 in Boston, Massachusetts, to George and Julia Bebris (nee Flaherty). The defendant's father passed away from a stroke in January 2010 and had a lengthy career as an industrial salesman. The defendant and his mother had a falling out over his birthday in 2016 and he has not spoken to or seen her since that time. He advised being uncertain where she is currently living.

The defendant has two sisters and one brother, all of whom reside in New Hampshire and Massachusetts, respectively. The defendant advised being somewhat close with his brother but not at all close with his sisters and has not spoken to them in several years.

Mr. Bebris married Carrie Bebris (nee Morris) on May 19, 1990 in Milwaukee, Wisconsin. Two children were born to this relationship: Katherine Bebris (Age: 20) and James Bebris (Age: 16). Both children reside with their mother in Dayton, Ohio. Katherine attends Purdue University and is set to graduate within the next year

EXHIBIT A

with her bachelor's degree in Mechanical Engineering while James is a junior and attends Centerville High School. The defendant indicated he believes his wife plans on divorcing him due to the underlying charges.

Mr. Bebris reported he has lived at the above noted address in Neenah since February 2018. He relocated to Northeast Wisconsin in November 2017 after he retired from a thirty-year career in law enforcement and started up a private security business. He noted he wanted to get everything settled with the business before he had his wife and children move to Wisconsin. Prior to this move, he resided at 410 Marylhurst Drive, Dayton, OH with his wife and children.

The defendant earned his bachelor's degree in Political Science at Marquette University in 1991 and completed some graduate level coursework through Marquette and Gonzaga Universities in Public Administration.

Mr. Bebris does possess a U.S. passport and last traveled to Ireland in April 2016, for a job interview for the Garda Síochána. The Garda is the national police force for the Republic of Ireland and he was interviewing for an advisor position there. The defendant has also visited the United Kingdom and Ireland on two other occasions. He further traveled to Latvia approximately ten years ago and noted his father was from there.

Mr. Bebris has never served in the military and is not fluent in any other languages outside of English.

The information in the report as it pertains to social history, employment, health, and substance abuse verified by the defendant's wife, Carrie Bebris. The defendant stated if he were to be released, he would return to his address in Neenah.

**EMPLOYMENT HISTORY / FINANCIAL RESOURCES:**

Then defendant advised having a thirty-year career in law enforcement and retired from service in 2017. Between 1988 and 2017, the defendant was employed with the Marquette University Public Safety Department, Menasha Police Department, St. Charles Minnesota Police Department, Adams County Sheriff's Office and the City of Oakwood Ohio Police Department. He held the title of university service officer, patrol officer, chief of police and police/fire chief during that span. He advised earning anywhere between $50,000.00 and $115,000.00 per year.

After he retired from service in 2017, the defendant started up a security business and founded Primus Security. He has two accounts through Staples in Beloit and Sephora in Madison. He advised being uncertain if he still retains these accounts since he has had no correspondence with the respective businesses since he was taken into custody on 12/19/18. He related the business ebbs and flows, and he could pick up or lose an account very easily, thus his monthly income fluctuates greatly. He further reported being behind on his invoices and has approximately $13,000.00 to be billed.

Between 2005 and 2006, the defendant also advised teaching some criminal justice curriculum at Sanford Brown College in Milwaukee.

**Finances:**

The defendant reported the following assets, liabilities, monthly income and expenses.

| Assets | Amount | Liabilities | Amount |
|---|---:|---|---:|
| Personal Checking Account *(PNC Bank)* | $350.00 | Mortgage | $170,000.00 |
| Personal Savings Account *(Chase Bank)* | $500.00 | Credit Card *(Citibank)* | $10,000.00 |
| Personal Checking Account *(Chase Bank)* | $500.00 | Credit Card *(Capital One)* | $3,000.00 |
| Land *(410 Marylhurst Drive, Dayton, OH 45459)* | $223,110.00 | Credit Card *(Chase)* | $2,800.00 |
| Boat *(23' Four Winns)* | $6,000.00 | Car Loan *(2014 Ford Escape)* | $18,000.00 |
| Pension *(State OH)* | $5,000.00 | Student Loan *(Mohela)* | $2,500.00 |
| Vehicle *(2014 Ford Escape)* | $12,000.00 | | |
| Vehicle *(2009 Chevy Impala)* | $2,000.00 | | |
| Vehicle *(1996 Chevy Suburban)* | $1,000.00 | | |
| Vehicle *(2010 Chevy Aveo)* | $2,500.00 | | |
| | | | |
| **Total** | $252,960.00 | **Total** | $206,300.00 |
| **Estimated Net Worth: $46,660.00** | | | |

| Monthly Income | Amount | Expenses | Amount |
|---|---:|---|---:|
| Business Income | $2,200.00 | Home/Mortgage | $1,200.00 |
| | | Utilities | $170.00 |
| | | Health Insurance | $800.00 |
| | | Groceries and Supplies | $480.00 |
| | | Car Payment | $308.00 |
| | | Cellular Phone | $200.00 |
| | | Auto Insurance | $150.00 |
| | | Medical Expenses | $528.00 |
| | | Home/Rent | $1,000.00 |
| | | Student Loan Payment | $50.00 |
| | | | |
| **Total** | $2,200.00 | **Total** | $4,886.00 |
| **Estimated Monthly Cash Flow: ($2,686.00)** | | | |

Your honor appointed federal public defender Tom Phillip to represent Mr. Bebris at his initial appearance. Moving forward the expectation was the defendant would retain private counsel at his expense based upon the assets he reported. Mr. Bebris indicated he plans on retaining Kevin Musolf as his legal counsel. Attorney Tom Phillip indicated he would be available for the detention hearing if the defendant had not yet retained private counsel.

## HEALTH:

### Physical Health:

The defendant was admitted to ThedaCare Medical Center in Neenah on 11/21/18 and was diagnosed with right and left pulmonary embolisms. He stated he is on blood thinners to treat this condition and was advised by his physicians the condition should correct itself over time and dissolve altogether.

Mr. Bebris indicated he had his gall bladder removed in 2012 and denied any other physical health conditions or concerns and further denied any other hospitalizations.

### Mental Health:

Mr. Bebris stated he has never met with a clinician for any mental health related needs but indicated due to his arrest and the underlying charges in the matter he had some suicidal ideations during his time in the Winnebago County jail. The defendant reported meeting with a mental health professional daily during his time in custody but denies having any present thoughts of harming himself or others. Mr. Bebris advised having two pistols and an AR 15 rifle but was informed his wife had a relative remove them from his apartment in fear he would use them to harm himself if he were released on bond. Mr. Bebris also denied any gambling history.

### Substance Abuse:

Mr. Bebris stated he first tried alcohol at age 14 and last used alcohol on 12/16/18 when he watched the Packers game. He indicated he typically consumes between two and three drinks per week and gravitates towards the craft beer scene but also enjoys a Jameson or Jack and coke. He related it is rare if he drinks to intoxication and denies alcohol has ever been problematic in his life.

Mr. Bebris denied any other substance abuse history and further denied any prior AODA treatment or programming. Due to the defendant's custody status a drug screen was not administered.

## PRIOR RECORD:

A criminal record check conducted through the National Crime Information Center (NCIC), state, and local records revealed the following arrest history.

| Date of Arrest | Agency | Charge | Disposition |
|---|---|---|---|
| 12/19/2018 (Age 49) | Winnebago County Sheriff's Office, Oshkosh, WI | Possession of Child Pornography | Not prosecuted |
| The above noted charge is the same conduct outlined in the criminal complaint. | | | |

**ASSESSMENT OF NONAPPEARANCE:**

The defendant poses a risk of nonappearance for the following reasons:

1. Offense Charged
2. Mental Health History

**ASSESSMENT OF DANGER:**

The defendant poses a risk of danger for the following reasons:

1. Nature of Instant Offense
2. Mental Health History

**RECOMMENDATION:**

In consideration for release, Mr. Bebris has several mitigating factors for the Court to consider. He presents no substance abuse history, no prior record outside of the charges before the Court and displays a strong employment history and family ties to the Eastern District of Wisconsin. An area of concern however includes Mr. Bebris having recent suicidal ideations which required some intervention during his incarceration at the Winnebago County jail. His possession of a valid passport also increases his risk of nonappearance. Pretrial Services believes the two concerns noted above can be effectively mitigated with conditions. If the defendant is released he would further be subjected to Adam Walsh conditions and the below recommendation is contingent on a successful home assessment. Therefore, to reasonably assure the defendant's appearance and the safety of the community, Pretrial Services respectfully recommends the defendant be released on a Personal Recognizance bond with the following conditions:

1. The defendant shall report to Pretrial Services as directed.
2. The defendant shall refrain from direct or indirect contact with the victim(s), witness(es), or family of victim(s) or witness(es).
3. The defendant shall not possess any firearm, destructive device, or other dangerous weapon.
4. The defendant shall participate in the Location Monitoring Program utilizing radio frequency (RF) monitoring; and shall abide by all technology requirements. The defendant shall be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse, mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities as approved by the officer (Home Detention). The defendant shall follow all program rules and pay all or part of the costs of participation in the location monitoring program as directed by the Court and/or supervising officer.
5. The defendant shall surrender passport to the Clerk of Court.
6. Travel is restricted to the Eastern District of Wisconsin.
7. The defendant shall not possess or use a computer with access to any on-line computer service at any location (including employment) without the prior approval of the pretrial services officer.

8. Submit to a mental health evaluation for determining whether mental health treatment is necessary.
9. No unsupervised contact with any minor under the age of 18.

| Pretrial Services Officer<br>s/ Robert A. Herman<br>Robert A. Herman<br>U. S. Probation Officer | Date<br>12/27/2018 | Time<br>11:00 AM |
|---|---|---|
| Reviewed By<br>s/ Jesse R. Sorkness<br>Jesse R. Sorkness<br>Supervising U.S. Probation Officer | | |