UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                           Case No. 19-CR-02

ALEXANDER P. BEBRIS,

    Defendant.

---

## DEFENSE SENTENCING MEMORANDUM

---

The defendant Alexander P. Bebris, by his attorneys Gimbel, Reilly, Guerin & Brown LLP, and the Government have entered into a plea agreement in this matter, in which Bebris has made a conditional guilty plea to one count of the indictment, in exchange for the Government's recommendation. Bebris is reserving his right to appeal the Court's decision denying his motion to suppress evidence, which is why the plea is conditional. Should Bebris prevail on his appeal, he must be allowed to withdraw his guilty plea. In exchange for the conditional plea, the Government will recommend a sentence of sixty months imprisonment. Bebris, through his legal counsel, joins that recommendation and submits this Sentencing Memorandum in support of same.

# SENTENCING CONSIDERATIONS

As this Court is aware, in *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the Sentencing Guidelines are advisory, not mandatory. This determination was further developed in *Gall v. United States,* 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007). *Booker* reinstated the District Court judge's ability to craft a sentence within the court's discretion, applying the factors set forth in 18 U.S.C. sec. 3553(a). A sentencing court has considerable discretion to individualize the sentence to the particular offender, as long as the court's reasoning is consistent with sec. 3553(a). *See Rita v. United States*, 551 U.S. 338 (2007).

**1.      18 U.S.C. sec. 3553(a) Factors and Their Application**

Section 3553(a) states what a sentencing judge should consider:

(a)   Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --

   (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2)   the need for the sentence imposed --

      (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)   to afford adequate deterrence to criminal conduct;

      (C)   to protect the public from further crimes of the defendant; and

      (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense by the applicable category of defendant as set forth in the guidlelines . . . ;

(5) any pertinent policy statement issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The Seventh Circuit has noted that two factors are critical after *Booker*. First, the district court's choice of sentence must be adequately reasoned in light of the sec. 3553(a) factors. Second, the sentence should be a reasonable one. *United States v. Wallace,* 458 F.3d 606, 609-610 (7th Cir. 2006).

A sentence is reasonable if the sentencing court gives meaningful consideration to the sentencing factors enumerated in sec. 3553(a), including the advisory sentencing guidelines, and arrives at a sentence that is reasonable in light of the statutory factors and the individual circumstances of the defendant. *See United States v. Wachowiak,* 496 F.3d 744, 749-51 (7th Cir. 2007); *see also, Gall* (probation sentence appropriate even though Guidelines recommended prison) and *Kimbrough* (district court's refusal to apply mandatory crack cocaine sentence appropriate and imposition of lesser sentence was reasonable).

Today, a sentencing judge is not required, or permitted, to presume that a sentence within the Guidelines range is the correct sentence, or the presumptive sentence. The

3

*Wachowiak* court stated, in analyzing *Rita*, while the "applicable guideline nudges [the sentencing judge] toward the sentencing range . . . his freedom to impose a reasonable sentence outside the range is *unfettered*." 496 F.3d at 749. (emphasis added).

Prior to the enactment of the Sentencing Guidelines, one of America's great jurists, Judge Edward Devitt of the District of Minnesota, observed that "*[a] short sentence will most likely accomplish the same objective. It is primarily the fact of incarceration, not the length of it, which best serves the ends of justice.*" (emphasis added). Hon. Edward J. Devitt, *The Ten Commandments for the New Judge,* 47 A.B.A. J. 1175, 1177 (Dec.1961). Although the Guidelines do not reflect this principle, it should be applied post-*Booker*, as it is consistent with the 3553 factors and the ABA Standards of Criminal Justice for sentencing.

### 2. The nature and circumstances of the offenses

As *Booker* and its progeny make clear, the Sentencing Guidelines do not reflect or apply the 3553(a) factors, and in some cases, direct that such factors not be applied. This approach is no longer appropriate. Sec. 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner. *United States v. Ranum*, 353 F.Supp.2d 984, 985 - 986 (E.D. Wis. 2005). *Booker* and its progeny caution against a mechanistic application of the incarceration drivers that are built into the Guidelines.

Filed concurrently with this memorandum is Bebris's written acceptance of responsibility and version of the offense. Bebris understands that the gravity of the offense and accepts the consequences of his actions. While distribution of child

4

pornography is inherently a serious crime, the facts of this case fall on the mitigated spectrum of these types of offenses. Bebris distributed two illicit images to his then-girlfriend via Facebook. Facebook sent a tip to NCMEC, which in turn informed law enforcement. When law enforcement arrived at Bebris's home, he was compliant and respectful. Bebris does not point out these mitigating factors in an attempt to avoid responsibility, but rather to show the nature of this specific offense.

There is no evidence of wide-scale distribution of illicit images, and it appears from the evidence that the two images of contraband were the only ones distributed.

### 3. The history and characteristics of the defendant

Bebris was born in Boston, Massachusetts, in 1969 to George and Julia Bebris. Early in Bebris's life, the family relocated to New Hampshire where he was mainly raised. Bebris was the eldest of four, with two younger sisters and one younger brother. Bebris had a comfortable upbringing and graduated from Pelham High School in 1987.

Later that same year, Bebris enrolled at Marquette University and moved to Milwaukee. During college, Bebris simultaneously took political science courses and worked as a police officer with the Marquette University Police Department. In 1990, Bebris married his then-girlfriend, Carrie, and the two would go on to raise two children. After graduating from Marquette with a Bachelor of Arts in political science, Bebris pursued a career in law enforcement. Over the course of the next thirty years, Bebris worked for various police and sheriff departments in Wisconsin, Minnesota, and Ohio. Notably, Bebris served as a police officer for the Milwaukee Police Department for over five years, was the chief of the St. Charles Police Department for three years, and was the

Director of Public Safety for the city of Oakwood, Ohio for almost twelve years. During a portion of his tenure as a law enforcement officer, Bebris acted as an instructor at Sanford Brown College in Milwaukee. Bebris also continued his own education throughout his career. For instance, he completed the Police Staff and Command School at Northwestern University, finished nine credits of graduate courses in organizational leadership at Gonzaga University, and took courses through the American Military University.

Over and above his dedication to work and education, Bebris is a very committed family man. In 2008, Bebris's father, George, began experiencing health problems and Bebris became George's legal guardian before George passed away in 2010. After George's death, Bebris's relationship with his mother, Julia, started deteriorating. January 2016 was the last time Bebris spoke with Julia, after a disagreement about Julia's financial hardships. Unfortunately, the broken relationship with Julia also led to a strained relationship with Bebris's two sisters. However, Bebris and his brother remain close to this day.

Moreover and most importantly, Bebris works hard to be a good father to his two children. Bebris's daughter is twenty-two and currently a student at Purdue University studying mechanical engineering. His son is eighteen and will begin classes at Miami University of Ohio in January 2021. Bebris has supported his children throughout their lives and will continue to do so to the best of his ability.

Bebris does not have a prior criminal record, as set forth in the PSR. This Court must take into account the 3553 factors, the individual defendant appearing before the court, his

remorse, cooperation, need and desire for treatment, obligations to support his family and other mitigating factors.

### 4. The kinds of sentences available

Bebris was convicted of a crime that carries a mandatory minimum sentence of sixty months. Yet under the stringent and mechanistic career offender Guidelines as interpreted by the PSR writer, despite the charge of conviction and the plea agreement, the Guidelines put Bebris at 31, which sets the Guidelines range at 108 to 135 months. Counsel for Bebris believes that the court should impose the joint recommendation of five years imprisonment, in light of the 3553 factors, the nature of this case, and Bebris's strong pro-social tendencies.

### 5. A mandatory minimum prison sentence is appropriate and reasonable

A long period of imprisonment is not necessary to protect the public, or to deter Bebris from future misconduct or to provide him with needed treatment. A sentence of sixty months makes the most sense in this case with the characteristics of this defendant. This Court is aware of Supreme Court Justice Anthony Kennedy's 2004 speech to the ABA, in which he called for less imprisonment and more fair, practical and cost-effective sentences. In the Congressional Research Service's Report to the United States Congress of January 22, 2013, entitled The *Federal Prison Population Buildup,* it was noted that according to BOP estimates, the cost of incarcerating a federal prisoner is in excess of $30,000 per year, and if treatment and medical services are needed the average annual cost of a stay at a federal medical facility is over $51,000 per year.

As the PSR notes, Bebris has a strong work history and has very marketable job skills. Sentencing him to the mandatory minimum is a pro-social sentence that makes economic sense and is consistent with the kind of sentencing practices that former Attorney General Holder, Justice Kennedy and Chief Justice Roberts have espoused.

## RECOMMENDATION

Counsel for Bebris respectfully requests that the court sentence Bebris to sixty months imprisonment. Such a sentence would be the most reasonable and appropriate sentence under sec. 3553(a), particularly given the above-delineated circumstances surrounding this offense. Counsel for Bebris will also move the Court to stay Bebris's sentence pending appeal.

Dated this 9th day of November, 2020.

    Respectfully submitted,

    GIMBEL, REILLY, GUERIN & BROWN

    By:
        Electronically signed by
        /s/ Jason D. Luczak
        JASON D. LUCZAK
        Wis. State Bar No. 1070883
        Email: jluczak@grgblaw.com
        BRIANNA J. MEYER
        Wis. State Bar No. 1098293
        Email: bmeyer@grgblaw.com

    Attorneys for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone:  414/271-1440

*Crim/bebris/p/sentencing memorandum 2020-11-09*